IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLENE WILLIAMS,<br><br>          Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>          Defendant._____/ | No. C -11-02962(EDL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR FEES AND COSTS** |

Pending before the Court is Plaintiff's motion for fees and costs of $13,408.35 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). For the reasons set forth below, the Court grants in part and denies in part Plaintiff's motion and awards Plaintiff $9,055.10.

**I.    Background**

Plaintiff applied for supplemental security income ("SSI") claiming that she became disabled on December 1, 2005 as a result of vertigo, depression, anxiety, morbid obesity, and hypertension. (Administrative Record ("AR") 138-44.) Plaintiff's application was denied initially, upon reconsideration, and by an Administrative Law Judge. (AR 17-26.) The ALJ found that Plaintiff had the following severe impairments: back, knee, and shoulder pain; obesity; depressive disorder; anxiety; hypertension; and carpal tunnel syndrome. (AR 22.) Although the ALJ acknowledged that such impairments cause significant limitations in work activities, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 419.920(d), 416.925, and 416.926). (AR 22.) The ALJ also determined that Plaintiff had the residual functional capacity to perform sedentary work. (AR 23.)

In making this latter determination, the ALJ acknowledged that "whenever statements about

the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence," the ALJ must "make a finding on the credibility of the statements based on a consideration of the entire case record." (AR 24.) The ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (AR 24.) The ALJ further found:

> Claimant's testimony is not entirely credible. Her testimony regarding the severe level of pain is not supported by the relatively mild objective findings. Her testimony that she suffers fatigue as a side effect from her medication is not credible because when she mentioned this to her doctors, she stated that they just tell her to rest.

(AR 24.)

In light of Plaintiff's residual functional capacity, age, education, and work experience, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform. (AR 25.) Consequently, the ALJ found that Plaintiff was not disabled for purposes of SSI benefits. (AR 26.) The Appeals Counsel denied Plaintiff's request for review of the ALJ's decision, and thus the ALJ's decision became the final decision of the Commissioner of Social Security. (AR 1.)

On June 16, 2012, Plaintiff filed this suit seeking judicial review of the decision denying her claim for SSI, and she filed a motion for summary judgment asking this Court to either reverse the final judgment of the Commissioner and find her disabled or remand this case to the ALJ for a new hearing. Plaintiff argued that the ALJ erred by: (1) failing to consider the combined effect of her obesity on her other impairments; (2) failing to properly credit her treating medical provider(s); (3) discounting her testimony as not credible and failing to provide sufficient detail in the credibility determination, making meaningful review impossible; (4) failing to recognize that her mental impairments support a finding of disability; and (5) failing to provide a proper hypothetical to the Vocational Expert for analysis.

This Court rejected most of Plaintiff's challenges to the ALJ decision but "remand[ed] on the very limited basis that the ALJ erred in failing to provide adequate reasons to support her credibility determination." (Dkt. 17 at 20.) The Court noted that if a claimant submits objective medical

evidence of the underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged, and there is no evidence of malingering, "the ALJ can only reject the claimant's testimony about the severity of his symptoms by offering specific, clear and convincing reasons for doing so." (Id.) The Court also pointed out that "[i]f the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not second-guess the ALJ's finding." (Id.) Additionally, the Court noted that an "ALJ may not discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings." (Id. at 27 (citing Fair v. Bowen, 885 F.2d 597, 602 (9th Cir. 1989).)

The Court determined that the ALJ's opinion did not provide sufficiently clear and convincing reasons for discrediting Plaintiff's pain testimony and remanded for the ALJ to either provide clear and convincing reasons or properly credit Plaintiff's testimony. (Id. at 29.) It was unclear from the ALJ's opinion whether she considered any of the factors listed in Social Security Ruling 88-13 or what medical findings she relied upon to discredit Plaintiff's pain testimony. (Id. at 28.) Defendant pointed to portions of the record evidencing mild objective medical findings, and the Court noted in a footnote some record evidence regarding the objective findings, but the Court could not rely on reasons that the ALJ perhaps should have given, but did not. (Id. at 29.)

The Court also found that the ALJ gave insufficient reasons for discrediting Plaintiff's testimony that she was disabled in part due to medication-related fatigue. (Id.) The Court nonetheless acknowledged that the very limited evidence in the record "appears to be insufficient to support Plaintiff's allegedly disabling fatigue as a symptom of her medically determinable impairments." (Id. at 30-31.) As with pain, the ALJ's terse opinion was not harmless error because there was evidence that if Plaintiff's testimony regarding her fatigue was credited, she would be unemployable. (Id. at 31). The Court remanded to the ALJ to provide clear and convincing reasons for discrediting Plaintiff's fatigue testimony or properly credit this testimony. (Id.)

Accordingly, the Court further found that the ALJ might have given the Vocational Expert an improper hypothetical. "[I]f Plaintiff's pain and fatigue testimony is given additional credit on remand, then it is possible that the ALJ's RFC assessment would be different. If that is the case, then the hypothetical posed to the VE might have been incorrect." (Id. at 40.) The Court concluded:

3

"In this case, the ALJ only partially erred by not giving sufficiently specific reasons regarding pain and fatigue and gave specific and legitimate reasons for discounting some evidence as described above. However, the record is insufficient to determine whether Plaintiff is disabled, so the Court remands this matter for further proceedings." (Id. at 40-41.)

On June 20, 2013, Plaintiff filed this motion for an award of $13,408.35 in fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Although Plaintiff claims to have complied with the meet and confer requirement of Local Rule 54-5(a) prior to filing the motion, Plaintiff sent the final version of the EAJA motion to Defendant's counsel on the same day that it was filed. (Ragnes Decl. ¶ 18.) Defendant opposes Plaintiff's motion on the grounds that the government was substantially justified in defending the underlying action and because the fees requested are unreasonable. The Court held a hearing on this matter on August 27, 2013.

**II.  Discussion**

    A.  <u>Plaintiff Is Entitled to Fees under the EAJA</u>

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." To be "substantially justified," the government's position must have a reasonable basis both in law and fact. <u>Meier v. Colvin</u>, — F.3d — , Case No. 11-35736, 2013 U.S. App. LEXIS 14908, at *4 (9th Cir. Aug. 10, 2012). The government's position in the social security context includes both the government's litigation position and the ALJ's decision. <u>Id.</u> at *5. Although fee-shifting under the EAJA is not mandatory, <u>Hardisty v. Astrue</u>, 592 F.3d 1072, 1076 (9th Cir. 2010), the government bears the burden of showing that its position was substantially justified. <u>Meier</u>, 2013 U.S. App. LEXIS 14908 at *4. It is undisputed that Plaintiff is a "prevailing party" by virtue of obtaining a remand of her case. <u>See</u>, <u>e.g.</u>, <u>Gutierrez v. Barnhart</u>, 274 F.3d 1255, 1257 (9th Cir. 2001). Defendant does not argue that any "special circumstances" make an award of fees unjust.

Defendant argues that the Commissioner was substantially justified in defending the ALJ's credibility finding because this Court found that the ALJ's credibility finding had support in the

4

1  record.[1] Defendant cites the evidence described in a footnote in the Court's summary judgment
2  order as showing the reasonable basis for the ALJ's findings. As to the fatigue finding, Defendant
3  focuses on the Court's statement that the evidence appeared insufficient to support Plaintiff's claim
4  of disabling fatigue. Defendant argues that this finding establishes that "the ALJ's adverse
5  credibility finding as to Plaintiff's fatigue testimony, while insufficiently articulated, had a
6  reasonable basis in law and fact." (Def.'s Opp. at 5.)

7  Although Defendant largely prevailed on summary judgment and this Court remanded on the
8  "very limited basis that the ALJ erred in failing to provide adequate reasons to support her
9  credibility determination," Defendant has not shown that the ALJ's decision was substantially
10 justified. Defendant's reliance on Hardisty v. Astrue, 592 F.3d 1072 (9th Cir. 2010) and McGinty v.
11 Astrue, 471 Fed. Appx. 679 (9th Cir. 2012) is misplaced. This is not a case where the
12 "government's adverse credibility finding was substantially justified because all of the inferences
13 upon which it rested had substance in the record," Hardisty, 592 F.3d at 1080, because it was unclear
14 precisely what the ALJ relied on in discrediting Plaintiff's testimony. Also, in Hardisty, unlike here,
15 "the government pointed to the three pieces of evidence noted [by the ALJ] to support his adverse
16 credibility finding." Id. at 1080. Similarly, in McGinty v. Astrue, 471 F3d. Appx. 679 (9th Cir.
17 2012), the ALJ made an adverse credibility finding because there were "very few clinical findings"
18 to support the claimant's pain testimony and the claimant's daily activities were inconsistent with the
19 pain testimony. Id. at 680-81. The Ninth Circuit held that these grounds had a reasonable basis in
20 law because lack of medical evidence *and* a claimant's daily activities are factors an ALJ can take
21 into account, and they had a reasonable basis in fact because they find support in the record. Id. at
22 681. Here, the ALJ rejected Plaintiff's pain and fatigue testimony without explaining her reasons.
23 Moreover, this Court did not determine that the ALJ's credibility findings found support in the
24 record. Additionally, even if the ALJ's credibility finding had support in the record, "an ALJ may
25 not reject a claimant's subjective complaints solely on a lack of medical evidence to fully
26 corroborate the alleged severity of pain," but "must specify what testimony is not credible and

---

[1] Defendant correctly notes "[a]s a threshold matter, as the Court explicitly affirmed the Commissioner on the other four grounds raised, by definition the Commissioner was reasonable in defending the ALJ's final decision on these grounds." (Def.'s Opp. at 3.)

5

identify the evidence that undermines the claimant's complaints – 'general findings are insufficient.'" Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) (quoting Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998)).

The failure of the ALJ to adequately support its credibility findings is reason to award EAJA fees to a prevailing party. See Tropp v. Astrue, Case No. 06-606, 2012 U.S. Dist. LEXIS 130071, at *8 (D. Ariz. Sept. 12, 2012) (ALJ's rejection of subjective pain testimony based only on lack of objective evidence in medical record and incompatibility of testimony with residual functional capacity assessment was legal error that was not substantially justified for EAJA fees purposes); cf. Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998) (reversing district court's denial of EAJA fees where ALJ failed to make any credibility findings regarding disabling pain). Because the Court finds that Defendant has not met its burden of establishing that the ALJ's finding that Plaintiff was "not entirely credible" was substantially justified, the Court need not address whether Defendant's litigation position was substantially justified.

B.     Plaintiff Is Entitled to an Award of $9,055.10

To determine whether a fee is reasonable, the court looks at the number of hours reasonably expended on the litigation multiplied by the reasonably hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998) (applying Hensley to EAJA claim for fees in Social Security case). The court may then adjust upward or downward. Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008). The applicant must exercise billing judgment in that the fees sought must be for services that a private client would pay for. Hensley, 461 U.S. at 434. An applicant should also not request fees that are excessive, redundant, or otherwise unnecessary. Id.

An important factor in assessing whether fees are reasonable is the results the plaintiff obtained. The "results obtained" factor is "particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded only on some of his claims for relief." Hensley, 461 U.S. at 434. "[T]he district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. at 436. If the successful claims were unrelated to the unsuccessful claims, that is, they were based on different facts and legal

1  theories, time expended on the unsuccessful claims will not be compensable. Id. at 434-35. Even
2  where the successful and unsuccessful claims are related and the unsuccessful claims are
3  nonfrivolous, the lodestar amount may still be excessive. Id. at 436.
4         Here, Plaintiff seeks $13,408.35 in attorney fees, law clerk/paralegal fees, and costs.[2]
5  Defendant asserts that this request is unreasonable and excessive for a routine Social Security case
6  and proposes an award of $5,400 based on reducing attorney time by 38.8 hours and law clerk time
7  by 14.6 hours. Defendant does not dispute the hourly rates or costs.
8         The Court agrees that fees and costs should be adjusted downward, although not to the
9  degree sought by Defendant. First, the Court reduces the amount sought by $202.50, which
10 represents the 1.5 hours Plaintiff's law clerk spent meeting with Plaintiff's former counsel's probate
11 attorney, which Plaintiff concedes is not properly chargeable to Defendant. (Pl.'s Reply at 3-4.)[3]
12 Second, Plaintiff was required to meet and confer with Defendant under Local Rule 54-5 prior to
13 filing her motion for fees, but only emailed the completed motion to Defendant the morning of the
14 day it was due and had two conversations with Defendant's counsel later that day. (Ragnes Decl. ¶
15 18.) Accordingly, Defendant was not given an adequate opportunity to attempt to resolve this fee
16 dispute, and the Court reduces the amount sought by an additional $270.00, which represents a two
17 hour reduction in the time Plaintiff's law clerk spent drafting the motion for fees.
18        These reductions result in fees and costs of $12,935.85. The Court further reduces this
19 amount by thirty percent, for an award of $9,055.10 based on Plaintiff's limited success. The Court
20 explicitly affirmed the ALJ on most of the grounds raised by Plaintiff and did not find that the ALJ's
21 credibility determination was wrong. Rather, the Court remanded "on the very limited basis that the
22 ALJ erred in failing to provide adequate reasons to support her credibility determination." (Dkt. 17
23 at 20.) Further, the Court noted that the evidence regarding allegedly disabling fatigue appeared
24 particularly weak. (Id. at 30.) Because Plaintiff was only partially successful an award of

---

[2] Plaintiff's counsel acknowledged at the hearing that the arithmetic in its motion for fees was incorrect and that based on the billing statements submitted, the actual fees and costs were greater than $14,000.00. Plaintiff's counsel conceded, however, that Plaintiff's request is limited to $13,408.35 because that is the amount she represented to the Court and Defendant that she was seeking.

[3] Plaintiff's law clerk billed at the California average paralegal rate of $135.00 per hour. (Pl.'s Mot. at 6; Ragnes Decl. ¶ 14.)

7

$12,935.85 would be unreasonable, and the Court finds a thirty percent reduction appropriate.

**III.     Conclusion**

The Court grants in part and denies in part Plaintiff's motion for fees under the EAJA. The Court therefore awards Plaintiff $9,055.10.

**IT IS SO ORDERED.**

Dated: September 3, 2013

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge